IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | |
| S & K PLUMBING CO, INC. | ) | Case No. 12 B 11144 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |

**FINAL ORDER PERMITTING USE OF CASH COLLATERAL**
**BELONGING TO HINSDALE BANK & TRUST COMPANY**

THIS CAUSE COMING ON TO BE HEARD on motion of Debtor, S & K PLUMBING CO, INC., for entry of a final order permitting use of cash collateral belonging to HINSDALE BANK & TRUST COMPANY (hereinafter the "Bank") (the "Cash Collateral Motion"), notice of the motion having been given to the United States Trustee's Office, all parties holding liens upon the property and all creditors and parties in interest and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that:

1. Provided there is no Event of Default (as defined below), the Debtor is hereby authorized to use the Bank's Cash Collateral and approval pursuant to Section 363(c) of the Bankruptcy Code provided, however, that Cash Collateral shall not be used for expenses other than those post-petition obligations on the budget attached hereto as Exhibit 1, plus no more than ten percent (10%) of the total proposed expenditures, except if otherwise agreed by the Bank, in order to pay ongoing expenses in the ordinary course of business and ongoing expenses described in Exhibit 1.

2. During this Chapter 11 case, pending confirmation of a plan of reorganization, the dismissal or conversion of this Chapter 11 case, or a further order of this Court, the Debtor shall provide the Banbk with an updated Budget for each subsequent 8 week period following the

expiration of the Budget then in effect. The Debtor shall provide the Bank with the updated Budget no later than one week prior to the expiration of the Budget then in effect.

3. Debtor shall deposit all monies collected in connection with the Collateral, whether generated pre-petition or post-petition, in its Debtor in Possession account.

4. As adequate protection of the Bank's interest in the Collateral, the Debtor shall make monthly payments to the Bank in the amount of $1,660.00 upon entry of a final order approving use of cash collateral pursuant to Section 363(c) of the Bankruptcy Code. As additional adequate protection, the Bank shall have a valid, binding, and enforceable and perfect replacement security interest in, and lien on, all of the Debtor's right, title and interest in, to, and under all property and proceeds of the Debtor of the nature and type of Collateral acquired after the Petition date, including without limitation, all cash and cash collateral of the Debtor, whether now existing or later acquired. During the chapter 11 case, the Debtor shall provide the Bank with four (4) week statements of cash flows, inventory and aging of receivables.

5. The provisions of this Order shall be immediately effective upon entry of this Order. The terms and provisions of this Order, as well as the lien and security interest created hereunder and all rights of the Bank and obligations of the Debtor created or arising pursuant hereto shall continue in these proceedings or any superseding proceeding under the Code. The liens and security interests provided for herein shall maintain their priority as provided by this Order until satisfied and discharged. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court, such stay, modification or vacation shall not affect: (1) the validity of any debt to the Bank incurred pursuant to this Order and which is incurred prior to the effective date of such stay, modification or vacation; (2) the validity and enforceability of any lien or priority authorized hereby with

{00133775.DOC / 2}

respect to any such debt to the Bank; and (3) the conduct of the Bank with respect to the rights granted to it in this Order and the loan documents executed prior to the effective date of such stay, modification or vacation. Notwithstanding such stay, modification or vacation, all liabilities owed to the Bank by Debtor pursuant to this Order prior to the effective date of such modification, stay or vacation, to or for the benefit of Debtor shall be governed in all respects by the original provisions of this Order and the Bank shall be entitled to all of the rights, privileges and benefits, including the security interest in the priority granted herein, with respect to all such liabilities and the course of conduct established in connection therewith.

6. Debtor shall insure the Collateral against risk of loss, damage and destruction for the full replacement value thereof with an insurance company acceptable to the Bank and with loss payable to the Bank. Debtor shall provide proof of insurance to the Bank within seven (7) days after the entry of this order.

7. The Bank shall have the right to inspect the premises, property, assets and collateral of the Debtor, and conduct audits and inspections of the books and records of the Debtor during regular business hours upon reasonable advance notice.

8. This Order is without prejudice to the rights of the Bank to receive any pre-petition or post-petition payments due the Bank or to seek modification of the terms hereof at any time upon reasonable notice to all parties in interest, and subject to the rights of any party to object thereto.

9. The occurrence of any one or more of the following shall constitute an Event of Default:

   a. This Order is stayed, reversed, vacated or modified on appeal or shall cease to be in full force and effect;

   b. Debtor's material failure to perform any of its obligations under this Order and failure to

{00133775.DOC / 2}

cure the default within ten (10) days after receipt of written notice of the default;

c. The conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

d. The appointment of a Chapter 11 Trustee;

e. The Debtor's total expenditures exceed 110% of the total amount of the applicable eight (8) week Budget; or

f. The dismissal of the Debtor's bankruptcy case.

10. Upon the occurrence of an event of default, the Bank may seek modification of the automatic stay to discontinue Debtor's right to use of Cash Collateral pursuant to this Order and for relief from the automatic stay to exercise any and all rights and remedies it may have with respect to the Collateral or for other appropriate relief.

11. Debtor's authorization for the use of Cash Collateral pursuant to this Order shall terminate on the earlier of (a) the entry of a Court order vacating or reversing this Order; (b) the Effective Date under the Plan of Reorganization to be proposed by the Debtor and confirmed by final order of the Bankruptcy Court; (c) the occurrence of an event of default herein; (d) the conversion of this case to one under Chapter 7; or (e) such later date as the Bank or the Debtor may hereafter specify in writing.

Date: June 21, 2012   ENTER: _____
Bankruptcy Judge

Barbara L. Yong (ARDC #6184000)
Robert R. Benjamin (ARDC #0170429)
GOLAN & CHRISTIE LLP
70 West Madison, Suite 1500
Chicago, Illinois 60602
Phone: 312-263-2300

{00133775.DOC / 2}

## August 2012 Monthly Budget

# S & K Plumbing Co, Inc.

| Income | |
|---|---|
| From Sales | $54,000.00 |
| **Expenses** | |
| Payroll (subcontractors & employees) | $17,000.00 |
| Payroll Liabilities | $4,500.00 |
| Utilities | $600.00 |
| Telephone | $825.00 |
| Advertising | $675.00 |
| Scavenger | $350.00 |
| Rent | $3,250.00 |
| Vehicle Payments | $1,950.00 |
| Equipment payments | $445.00 |
| Materials | $17,000.00 |
| Fuel | $2,000.00 |
| Hinsdale Bank & Trust Cash Collateral Payment | $1,660.00 |
| U.S.T Quarterly Fees | $565.00 |
| Attorney's Fees | $2,500.00 |
| Licenses & Permits | $150.00 |
| Misc. Fees, Safety Certifications, Small Tools | $500.00 |
| **Total Expenses** | $53,970.00 |
| **Balance Remaining:** | $30.00 |

## July 2012 Monthly Budget

# S & K Plumbing Co, Inc.

| Income | |
|---|---|
| From Sales | $50,000.00 |
| **Expenses** | |
| Payroll (subcontractors & employees) | $15,000.00 |
| Payroll Liabilities | $4,500.00 |
| Utilities | $600.00 |
| Telephone | $825.00 |
| Advertising | $675.00 |
| Scavenger | $350.00 |
| Rent | $3,250.00 |
| Vehicle Payments | $1,950.00 |
| Equipment payments | $445.00 |
| Materials | $15,000.00 |
| Fuel | $2,000.00 |
| Hinsdale Bank & Trust Cash Collateral Payment | $1,660.00 |
| U.S.T Quarterly Fees | $565.00 |
| Attorney's Fees | $2,500.00 |
| Licenses & Permits | $150.00 |
| Misc. Fees, Safety Certifications, Small Tools | $500.00 |
| **Total Expenses** | $49,970.00 |
| **Balance Remaining:** | $30.00 |