IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 12 B 11144 |
| S & K PLUMBING CO., INC., | ) | Honorable Carol A. Doyle |
| | ) | Motion Date: November 28, 2012 |
| Debtor. | ) | Motion Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE THAT on November 28, 2012 at the hour of 10:00 a.m., an **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR** shall be heard by the Honorable Carol A. Doyle of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 742 at 219 South Dearborn, Chicago, Illinois. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

GOLAN & CHRISTIE LLP

## AFFIDAVIT OF SERVICE

I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on November 1, 2012.

/s/*Robert R. Benjamin*
Robert R. Benjamin

Robert R. Benjamin (ARDC # 0170429)
Barbara L. Yong (ARDC# 06184000)
Beverly A. Berneman (ARDC #06189418)
GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

{00143078.DOC /}

## SERVICE LIST

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Via CM/ECF

Board of Trustee of the Plumbers 93
c/o William P Callinan & Joseph E Mallon
Johnson & Krol
300 South Wacker Drive, Ste 1313
Chicago, IL 60606
Via CM/ECF

Board of Trustee of the Plumbers 93
Retirement Account Fund
c/o William P Callinan & Joseph E Mallon
Johnson & Krol
300 South Wacker Drive, Ste 1313
Chicago, IL 60606
Via CM/ECF

Board of Trustee of the Plumbers 93
Pension Fund
c/o William P Callinan & Joseph E Mallon
Johnson & Krol
300 South Wacker Drive, Ste 1313
Chicago, IL 60606
Via CM/ECF

Board of Trustee of the Plumbers 93
Health & Welfare Fund
c/o William P Callinan & Joseph E Mallon
Johnson & Krol
300 South Wacker Drive, Ste 1313
Chicago, IL 60606
Via CM/ECF

Brd of TR of Jnt Aptshp Comm Fund
Plmbng & Htng Ind Lake & McHenry Co
c/o William P Callinan & Joseph E Mallon
Johnson & Krol
300 South Wacker Drive, Ste 1313
Chicago, IL 60606
Via CM/ECF

Hinsdale Bank and Trust
c/o Edmond M. Burke
Chuhak & Tecson, PC
30 South Drive, Suite 2600
Chicago, IL 60606
Via CM/ECF

The Industry Advancement Fund
c/o William P Callinan & Joseph E Mallon
Johnson & Krol
300 South Wacker Drive, Ste 1313
Chicago, IL 60606
Via CM/ECF

D. Patrick Mullarkey
Tax Division (DOJ)
PO Box 55, Ben Franklin Station
Washington, DC 20044
(*Contested Matters)
Via Regular Mail

James D. Newbold
Asst. Atty. General Revenue Litigation Bureau
Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601
Via Regular Mail

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999
Via Regular Mail

Allan Coleman Co.
5725 N Ravenswood Ave
Chicago, IL 60660-3913
Via Regular Mail

{00143078.DOC /}

1

| | |
|---|---|
| United States Attorney<br>219 S. Dearborn Street<br>Chicago, IL 60604<br>Via Regular Mail | Board of Trustee of the Plumbers 93<br>Retirement Account Fund<br>31855 N US Hwy 12<br>Round Lake, IL 60073<br>Via Regular Mail |
| Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St<br>Chicago, IL 60604<br>Via Regular Mail | Board of Trustee of the Plumbers 93<br>Pension Fund<br>31855 N US Hwy 12<br>Round Lake, IL 60073<br>Via Regular Mail |
| Department of Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br>Via Regular Mail | Board of Trustee of the Plumbers 93<br>Health and Welfare Fund<br>31855 N US Hwy 12<br>Round Lake, IL 60073<br>Via Regular Mail |
| Bonifacio Rojas<br>118 Lotus Dr<br>Lakemoor, IL 60050<br>Via Regular Mail | Associate Area Counsel, SB/SE<br>200 West Adams Street, Suite 2300<br>Chicago, IL 60606<br>Via Regular Mail |
| Brd of TR of Jnt Aptshp Comm Fund<br>Plmbng & Htng Ind Lake & McHenry Co<br>31855 N US Hwy 12<br>Round Lake, IL 60073<br>Via Regular Mail | Brian Hoffenberg<br>28464 N. Garland Rd.<br>Wauconda, IL 60084<br>Via Regular Mail |
| Board of Trustee of the Plumbers 93<br>31855 N US Hwy 12<br>Round Lake, IL 60073<br>Via Regular Mail | Ultimate Plumbing Supply<br>305 N Eric<br>Palatine, IL 60067<br>Via Regular Mail |
| Ford Credit<br>PO Box 790093<br>Saint Louis, MO 63179-0093<br>Via Regular Mail | GE Capital<br>P.O. Box 536447<br>Atlanta, GA 30353-6447<br>Via Regular Mail |
| Plumber's Local 93<br>31855 N. US Hwy 12<br>Round Lake, IL 60073<br>Via Regular Mail | Illinois Department of Revenue<br>P.O. Box 64338<br>Chicago, IL 60664-0338<br>Via Regular Mail |

{00143078.DOC /}

Michael Wagner & Sons, Inc.
2321 S Foster Avenue
Wheeling, IL 60090-6510
Via Regular Mail

Jerry Pinderski
Pinderski & Pinderski, Ltd.
115 Colfax Road
Palatine, IL 60067
Via Regular Mail

Jeffery and Susan Killian
28464 N. Garland Road
Wauconda, IL 60084
Via Regular Mail

Michael E. Bannister, Chairman & CEO
Ford Motor Credit Company
One American Road
Dearborn, MI 48126
Via Regular Mail

Morton Grove Supply Co., Inc
6418 W Main Street
PO Box 938
Morton Grove, IL 60053
Via Regular Mail

S&K Plumbing Co., Inc.
28464 N. Garland Road
Wauconda, IL 60084
Via Regular Mail

{00143078.DOC /}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 12 B 11144 |
| S & K PLUMBING CO., INC., | ) | Honorable Carol A. Doyle |
| | ) | Motion Date: November 28, 2012 |
| Debtor. | ) | Motion Time: 10:00 a.m. |

## FINAL APPLICATION FOR COMPENSATION
## OF COUNSEL FOR THE DEBTOR

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtor, S & K PLUMBING CO., INC. ("Debtor"), applies to this Court for an order approving the payment of fees in the amount of $14,184.00 for services rendered from July 19, 2012 to October 18, 2012 and the costs of preparing this fee petition in the amount of $1,400.00 for a total of $15,584.00 plus expenses in the amount of $711.60 and in support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §1408 and §1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

### II. GENERAL BACKGROUND

On March 20, 2012, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

On April 17, 2012, this Court entered an order allowing the retention of Robert R. Benjamin, Beverly A. Berneman and Barbara L. Yong as counsel for the Debtor.

On August 14, 2012, the Court approved Counsel's First Interim Fee Petition.

{00143078.DOC /}

4

### III. CASE STATUS

Debtor is an Illinois Corporation that operates a plumbing business. Debtor sought protection under Chapter 11 due to the downturn in the economy and a law suit based upon a collective bargaining agreement that the Debtor could not sustain.

Debtor has filed a Plan of Reorganization that restructures its debts and pays creditors the value of their security interests and a portion of their unsecured or undersecured claims.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.  *General Information.* Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.  *Billing Entries.* G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of

{00143078.DOC /}

5

the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

    C.    <u>Hourly Charges.</u> G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $400.00 per hour for other partner attorney time, $225.00 to $295.00 per hour for associate time, $150.00 per hour for travel time and $80.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

#### A. COVER SHEET
*[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

#### B. NARRATIVE SUMMARY
*SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
*[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 5.50 | 2,200.00 |
| CLM | Claims | 0.50 | 200.00 |
| FIN | Financing | 2.80 | 1,120.00 |
| FEE | Fee Petition | 3.50 | 1,400.00 |
| PLAN | Plan and Disclosure Statement | 21.60 | 8,880.00 |
| **TOTAL** | | **33.90** | **13,800.00** |

{00143078.DOC /}

### C. NARRATIVE SUMMARY
*SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL*
**[Local Rules 5082-1(B)(1)(b) and (d)]**

From July 19, 2012 to October 18, 2012 the Debtor has incurred $12,400.00[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section E below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**1.   ADMINISTRATION**

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $1,400.00.

{00143078.DOC /}

7

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 5.20 | 400.00 | 2,080.00 |
| Barbara L. Yong (BLY) | Partner | 0.30 | 400.00 | 120.00 |
| **Total** | | **5.50** | | **2,200.00** |

2. *CLAIMS*

During the period covered by the fee petition counsel for the Debtor negotiated the claim of the lender and obtained a new note. These services benefitted the estate on an economic basis by confirming the amounts due and obtaining a payout extension. These services benefited the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Barbara L. Yong (BLY) | Partner | 0.50 | 400.00 | 200.00 |
| **Total** | | **0.50** | | **200.00** |

3. *FINANCING*

Debtor obtained emergency relief for the use of cash collateral from its lender. Both permanent and interims orders have been entered. Additionally, a cash collateral order was needed for its use of vehicle secured by a separate lender. These services benefited the estate on an economic basis by supporting Debtor's operations while it determined whether to reorganize its business or to accept an offer to sell some of its assets. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.30 | 400.00 | 520.00 |
| Barbara L. Yong (BLY) | Partner | 1.10 | 400.00 | 440.00 |
| Beverly A. Berneman (BAB) | Partner | 0.40 | 400.00 | 160.00 |
| **Total** | | **2.80** | | **1,120.00** |

4. *PLAN AND DISCLOSURE STATEMENT*

During the period covered by this fee petition, G&C has confirmed its Plan and obtained approval of its Disclosure Statement. The services benefitted the estate on an economic basis by identifying a means of obtaining a substantial dividend for the creditors. The services benefitted the estate on a non-economic basis by preserving the value of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 6.60 | 400.00 | 2,640.00 |
| Barbara L. Yong (BLY) | Partner | 8.50 | 400.00 | 3,400.00 |
| Barbara L. Yong (BLY) | Partner | 3.00 | 480.00 | 1,440.00 |
| Beverly A. Berneman (BAB) | Partner | 3.50 | 400.00 | 1,400.00 |
| **Total** | | **21.60** | | **8,880.00** |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Final Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Fee is attached hereto as Exhibit B. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 3.50 | 400.00 | 1,400.00 |
| **Total** | | **3.50** | | **$1,400.00** |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the interim fee petition. The summary is as follows:

{00143078.DOC /}

10

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin1 (RRB) | Partner | 13.10 | 400.00 | 5,240.00 |
| Barbara L. Yong (BLY) | Partner | 10.40 | 400.00 | 4,160.00 |
| Barbara L. Yong (BLY) | Partner | 3.00 | 480.00 | 1,440.00 |
| Beverly A. Berneman (BAB) | Partner | 3.90 | 400.00 | 1,560.00 |
| TOTAL | | 30.40 | | $12,400.00 |

## F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED AND PAYMENTS RECEIVED BY COUNSEL TO DATE
*[Local Rules 5082-1(B)(1)(f)]*

On August 14, 2012, the Court approved applicant's First Interim Application for Compensation and Reimbursement of Costs. G&C is holding $15,408.10 in unapplied funds in its escrow account.

## G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
*[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $711.60 consisting of postage out of the ordinary course, photocopies our of the ordinary course at $.10 per page and filing fee.

## H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

## VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

{00143078.DOC /}

11

## VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2) reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over seventy (70) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtor its reorganization

{00143078.DOC /}

efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VIII. OBJECTIONS

Any objections to this fee application should be submitted in writing and filed with this Court and delivered to counsel for the Debtor (address below) on or before November 21, 2012.

### IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A. Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B. Allowing final compensation as counsel for the Debtor in the amount of $12,400.00 for fees incurred from July 19, 2012 to October 18, 2012 plus the costs of preparing this fee petition in the amount of $1,400.00 for a total of $13,800.00;

C. Allowing reimbursement of out of pocket expenses in the amount of $711.60; and

D. Granting such other and further relief as this court may deem just and proper.

                                                        GOLAN & CHRISTIE LLP
                                                        /s/    *Robert R. Benjamin*
                                                               Robert R. Benjamin
                                                               One of its attorneys

Robert R. Benjamin (ARDC # 0170429)
Barbara L. Yong (ARDC# 06184000)
Beverly A. Berneman (ARDC #06189418)
GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

{00143078.DOC /}